IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MILLENNIUM HEALTH, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>CAMERON SCHMITZ,<br><br>Defendant. | CV 26-133-M-KLD |

Plaintiff Millennium Health, LLC has filed an unopposed motion for entry of a stipulated protective order. (Doc. 27). The parties to this Stipulated Protective Order have agreed to the terms of this Order. Accordingly, and good cause appearing,

IT IS ORDERED that Plaintiff's motion (Doc. 27) is GRANTED. The Court enters the following stipulated protective order:

1. Scope. This Protective Order governs designated information that is produced by any of the Parties in this action, whether produced (a) in response to formal or informal discovery requests, (b) in compliance with the Federal Rules of Civil Procedure, or (c) voluntarily in support of any claim or defense in this action, including such information contained in documents, interrogatory responses,

testimony (whether trial, deposition, or written declaration or affidavit), responses to requests for admission, initial disclosures, expert reports, or other expert-related materials.

2. Any of the parties may designate material or information disclosed or produced in this action as "Confidential" or as "Attorney's Eyes Only."

3. If a party designates material or information "Confidential," that party, in good faith, considers the material or information so designated to be sensitive, competitive, confidential, or trade secret information in which it has a valuable proprietary or competitive interest. If a party designates confidential material or information as "Attorney's Eyes Only," that party, in good faith, considers the material or information so designated to be of such relevance to the party's business that designation as "Confidential" hereunder would be insufficient to protect the proprietary or competitive interest of the producing party.

4. Any of the parties producing "Confidential" or "Attorney's Eyes Only" material or information may designate such material or information by the following:

a. As to documents, responses to discovery requests, and tangible things, the producing party may affix by writing, stamping, or labeling each page and item containing or disclosing the "Confidential" or "Attorney's Eyes Only" information the term **"CONFIDENTIAL"** or **"ATTORNEY'S EYES ONLY"** as appropriate, or words to that

effect. For files or information that the Parties are unable to stamp or label **"CONFIDENTIAL"** or **"ATTORNEY'S EYES ONLY,"** such as files in native format, **"CONFIDENTIAL"** or **"ATTORNEY'S EYES ONLY"** shall be added to the file name. Such markings shall be affixed in a way that does not affect the searchability or readability of the document marked.

b. As to information disclosed at a deposition, the producing party may designate such information as "Confidential" or as "Attorney's Eyes Only," as appropriate, by so indicating on the record at the deposition the testimony to which the designation applies; or by notifying the court reporter and all Parties to this action, within thirty (30) calendar days of receipt of the deposition transcript, of the portions of the testimony that should be designated as "Confidential" or as "Attorney's Eyes Only." At the producing party's option, portions of a deposition transcript that have been designated as "Confidential" or as "Attorney's Eyes Only" may be bound separately from the rest of the transcript and marked as such. Any additional cost for separate binding shall be borne by the party invoking this section. A producing party has the right, at the deposition, to have deposition testimony containing "Confidential" or "Attorney's Eyes Only" information

heard only by those permitted under this Protective Order to have access to such information.

5. The Parties agree that information designated as “Confidential” or as “Attorney’s Eyes Only,” including summaries, abstracts, copies, indices, and exhibits, may only be used solely for purposes of litigating the above-captioned action and shall not be disclosed to anyone other than the persons permitted under this Protective Order.

6. Information designated as “Attorney’s Eyes Only,” including summaries, abstracts, copies, indices, and exhibits, will not be made available to and will not be disclosed to anyone other than the following persons:

a. Counsel of record working on this action on behalf of any party to this action, together with the assistants, secretaries, paralegals, or other clerical personnel who are actively assisting such counsel in the preparation of this action;

b. In-house counsel for any party to this action, defined as any attorneys who are employees of a party or a party’s parent or affiliate companies and who provide legal advice to that party;

c. Court stenographers, court reporters, outside deposition video services, and their staff, and independent contractors or third parties engaged to record, transfer,

or store video depositions, provided that such persons are furnished with a copy of this Protective Order and informed of its provisions;

d. Outside copy services, electronic discovery vendors, translators, and graphics or design services retained or engaged by such counsel of record in connection with their preparation of this action, and only to the extent necessary for such persons to carry out their duties in connection with this action, provided that such persons are furnished with a copy of this Protective Order and informed of its provisions;

e. Mock jurors and jury or trial consultants retained or engaged by such counsel of record in connection with their preparation of this action, and only to the extent necessary for such persons to carry out their duties in connection with this action, provided that such persons are furnished with a copy of this Protective Order and informed of its provisions;

f. Mediators who attempt to mediate this action (if any), together with their staff;

g. The Court and any person employed by the Court whose duties require access to "Attorney's Eyes Only" information; and

h. Outside experts and consultants retained, consulted, or specifically employed by any counsel or party to this action in connection with the preparation, trial, or appeal of this action, together with the employees and

assistants thereof ("Retained Experts"), provided the provisions of Section 8 below are complied with.

7. Information designated as "Confidential," including summaries, abstracts, copies, indices, and exhibits, will not be made available and will not be disclosed to anyone other than the following persons:

a. The persons described in Section 6 above, under the same conditions, if any; and

b. The Parties, including officers, directors, and employees (including employees of the Parties' parent or affiliate companies) as representatives of the Parties, to this action, limited to such individuals who (i) have decision making authority for the party in this litigation, or (ii) are actively engaged in assisting that party's outside counsel in the conduct of the litigation.

8. Retained Experts may not have access to "Confidential" or "Attorney's Eyes Only" material or information unless such persons are furnished with a copy of this Protective Order and informed of its provisions, and execute Declaration of Compliance in the form and substance as that attached as **Exhibit A.**

9. The restrictions and obligations of this Protective Order do not apply to any information that (a) is public knowledge, (b) becomes public knowledge through no fault of any party to this Protective Order other than the producing party, or (c)

comes into the possession of receiving parties through means other than the disclosure of such information in this action.

10. Notwithstanding the provisions of Sections 5 through 7 above, those identified on the face of a document or otherwise (such as through testimony) as the author, drafter, or addressee of the document, or identified as having authority to view the information contained therein, shall be permitted to view and have access to the particular document or information in question. In addition, those who have received a document or information before the commencement of this action are permitted to view and access the particular document or information. Those who have received a document or information during the pendency of this action through means that are independent of this action and are not in violation of this Protective Order are permitted to view and have access to the particular document or information.

11. Materials designated as “Confidential” or as “Attorney’s Eyes Only” may be shown to deponents and otherwise used in depositions and at a trial or hearing in this matter, so long as such use complies with the restrictions of this Protective Order, or otherwise complies with an order of the Court. If the receiving party wishes to show a document designated as “Confidential” or as “Attorney’s Eyes Only” to a deponent who is not otherwise permitted by this Protective Order to view such document, the producing party must waive the restrictions placed on the use of the

document by this Protective Order for the limited purpose of allowing the particular deponent to view the particular document for only so long as necessary, and the producing party may condition such waiver on the execution by the deponent of a Declaration of Compliance in the form and substance as that attached as **Exhibit A.** The producing party shall not unreasonably object to such disclosure.

12. Information produced in this action that has been designated as "Confidential" or as "Attorney's Eyes Only," and the information derived therefrom, including excerpts, summaries, extracts, compilations, and the like, will be kept confidential by those who receive it, and it will be maintained at a location and in a manner that ensures that access to the information is limited to those persons entitled to have such access under this Protective Order. Notwithstanding the foregoing, the producing party is free to do whatever it desires with its own information; provided, however, that if the producing party makes the document publicly available without restriction, the producing party will promptly notify the receiving party, and the "Confidential" or "Attorney's Eyes Only" restriction will be removed therefrom.

13. If a producing party, through inadvertence, provides any materials or information that should have been designated as "Confidential" or "Attorney's Eyes Only," but fails to designate them as such at the time of production, the producing party may designate such materials as "Confidential" or "Attorney's Eyes Only" by providing (a) written notice to all parties that received the materials or information of

the inadvertent production, and (b) substitute copies of the materials marked, as appropriate, "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY"; or, in the case of deposition testimony, by causing the court reporter to re-issue transcripts designated in accordance with Section 4(b) above at the producing party's expense.

14. If a party desires to file materials designated as "Confidential" or "Attorney's Eyes Only" with a court or to disclose in a court filing information designated as "Confidential" or "Attorney's Eyes Only" the party shall take all steps required by the Court to file the materials or filing under seal. The Parties acknowledge that the decision to seal a document or filing is a matter for the Court's discretion based upon compelling reasons, and it shall not be a violation of this Protective Order if the Court refuses to seal a document or filing, or later unseals a document or filing subject to this Protective Order; however, a non-disclosing party shall not object to a producing party's request or motion to the Court to keep documents or information sealed. The moving party shall bear the burden of providing sufficient justification to the Court to support the request to file "Confidential" or "Attorney's Eyes Only" materials under seal.

15. This Protective Order will remain in full force and effect and will continue to be binding on all Parties to this Order and affected persons after the conclusion of this action. When this action is concluded (including any appeals) and after a written request from another party, all parties who received materials designated as

"Confidential" or "Attorney's Eyes Only" will return such materials to the producing party or destroy such materials within 60 days of the written request. Within 5 business days of the return or destruction of such materials, the non-disclosing parties to this Protective Order will certify in writing to the disclosing party that they have complied with this Section.

16. Should a party to this Protective Order be commanded or compelled to produce materials or information designated hereunder as "Confidential" or "Attorney's Eyes Only," as by subpoena, civil investigative demand, discovery request in a separate action, or similar compulsory process that subjects the recipient to sanctions unless complied with, the party must (a) provide the producing party with written or electronic notice and a copy of the compulsory process, and (b) forbear, to the extent reasonably feasible, producing such materials or information for at least five (5) business days after the producing party's receipt of such written notice, interposing, if necessary, any reasonable objections, and providing, if necessary or prudent, a copy of this Protective Order to the person seeking to command or to compel the materials or information so that the producing party may have an opportunity to intervene to protect its interests.

17. The non-producing party may object to any "Confidential" or "Attorney's Eyes Only" designation by notifying the producing party of its objection in writing. Any such objection must specify the document subject to the objection by Bates

range and must state the basis for the objection. If the non-producing party makes such an objection, the parties shall engage in a good faith effort to resolve the dispute as to the Confidential or Attorney's Eyes Only designation. If the parties are unable to resolve the dispute, the non-producing party may move the Court for a ruling as to whether such information is "Confidential" or "Attorney's Eyes Only" as defined by this Protective Order and the producing party shall bear the burden of proof that such designation is warranted. Pending a subsequent ruling by the Court, all documents and derivative materials designated as "Confidential" or "Attorney's Eyes Only" shall be treated as such as provided by this Protective Order.

18. Neither the provisions of this Protective Order nor the filing of any materials under seal will prevent the use of materials or information subject to this Protective Order in open court, whether at trial or at a hearing. If a producing party desires to restrict access to the information or materials in question when used in open court, that party must separately move the Court for an appropriate order.

19. Nothing in this Protective Order prevents or otherwise restricts any counsel from rendering advice to that counsel's client who is presently a party to this action, or from examining any witness, and in the course thereof, relying upon an examination of material or information subject to this Protective Order; provided, however, that in rendering such advice or examining the witness, the counsel shall not disclose the substance of such material or information to those not authorized

hereunder to receive such material or information. Any such advice must be limited to counsel's legal conclusions, recommendations, or general assessments. For the avoidance of doubt, counsel shall not describe, summarize, or otherwise convey the specific substance or details of any "Attorney's Eyes Only" information or documents to the receiving party in a manner that would allow the receiving party to ascertain the underlying information.

20. Nothing in this Protective Order shall prevent a party from seeking additional protection of its materials or information, or from seeking a modification of this Protective Order. This Protective Order is without prejudice to the rights of any party or non-party to seek such additional or other relief relating to discovery as may be appropriate.

21. If a producing party inadvertently discloses materials or information protected by the attorney-client privilege, the attorney work product doctrine, or other privilege or immunity from discovery, the producing party may, within ten (10) business days upon discovery of the inadvertent disclosure, so advise, in writing, to all parties that received the materials or information and request that the materials or information be returned. If such a request is made, no party receiving the same will thereafter assert that the inadvertent disclosure waived any privilege or immunity from discovery. Further, any party receiving such request shall return or destroy, within ten (10) business days of receipt of such request, the materials and information

so identified. If a party discloses material or information in connection with the above-captioned action that the producing party claims to be protected by the attorney-client privilege, the attorney work product doctrine, or other privilege or immunity from discovery, the disclosure of that material or information will not constitute or be deemed a waiver or forfeiture—in this or any other action—of any claim of privilege or protection that the producing party would otherwise be entitled to assert with respect to the material or information and its subject matter.

22. If the producing party reasonably believes that a requested document contained in a "Confidential" or "Attorney's Eyes Only" document contains privileged information, the producing party may redact the allegedly privileged contents of the document. If the producing party makes such redactions, then it must provide an appropriate privilege log.

23. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

DATED this 16th day of November, 2026.

Kathleen L. DeSoto
United States Magistrate Judge

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MILLENNIUM HEALTH, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>CAMERON SCHMITZ,<br><br>Defendant. | CV 26-133-M-KLD |

**DECLARATION OF COMPLIANCE**

The undersigned hereby acknowledges that he/she has read the Protective Order dated November____, 2026 in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Montana, Missoula Division in matters relating to the Protective Order and understands that the terms of the Protective Order obligate the parties, including their designated representatives or their assigns, and him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.
The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: ______________________________________________

Job Title: ___________________________________________________

Employer: ___________________________________________________

Business Address: ______________________________________________

Date: ________________ Signature: ____________________________